IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| Francis J Castro ) | |
| Plaintiff, ) | |
| ) | Case No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| Nationstar Mortgage LLC, ) | JURY DEMAND |
| Equifax Information Services LLC ) | |
| Experian Information Solutions Inc. ) | |
| Defendants. ) | |

**CIVIL ACTION COMPLAINT**

**Introduction**

1. This is also an action for damages brought by individual consumers against the Defendants for violations of the Fraud, Breach of Contract and the TCPA. This is also an action for violation of the of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. 1681 et seq., as amended.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is found under 15 U.S.C. § 1681. This Court has both Personal and subject matter jurisdiction to hear this case pursuant to Section 1331 of Title 28 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. Venue is proper in this District because the acts and transactions occurred here and the Plaintiff owns real estate here.

## Parties

5. The Plaintiff in this case owns real state located in this district and that real estate and the loan associated with that real estate is the subject of this suit. The Plaintiff is hereinafter referred to as "Plaintiff".

6. The Defendant, Nationstar Mortgage LLC, AKA Mr. Cooper (hereafter MC), is a mortgage servicing company and will be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. The Defendant, Experian Information Solutions Inc., (hereafter EX) is a corporation that transacts business in Tennessee and will be served through the registered agent, Experian Information Solutions Inc., c/o CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546. The Defendant, Equifax Information Services LLC, (hereafter EQ) is a corporation that transacts business in Tennessee and will be served through the registered agent, Equifax Information Services LLC, c/o Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312.

## Factual Allegations

7. In 2017, the Plaintiff refinanced his mortgage with Mr. Cooper. The terms were $84,000.00 financed for 180 months and with an interest rate of 4.25%.

8. The Plaintiff set his payments up on auto pay each month. His previous loan was also serviced by Mr. Cooper and all payments were timely made via autopay.

9. In June 2021, MC indicated to the Plaintiff that he had not made his payment. A copy of the letter indicating that the June 2021 payment is missing is attached as Exhibit 1.

10. As Exhibit 2, the Plaintiff attaches proof of all payments made from January 2021 through January 2022.

11. Despite the Plaintiff making his payments timely via auto draft, MC indicated that numerous payments had not posted. The posted payments skip June 2021 through October 2021, see attached post payments history MC provided, attached as Exhibit 3.

12. MC's July 20, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $56,055.94. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $1,693.70, a fee and charge balance of $63.80 and that the contractual payment is due for June 1, 2021. The July 20, 2021, statement is attached as Exhibit 4.

13. MC's August 18, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $56,055.94. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $2,540.55, a fee and charge balance of $95.70 and that the contractual payment is due for June 1, 2021. The August 18, 2021, statement is attached as Exhibit 5.

14. MC's September 20, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $56,055.94. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $3,387.40, a fee and charge balance of $127.60 and that the contractual payment is due for June 1, 2021. The September 20, 2021, statement is attached as Exhibit 6.

15. MC's October 19, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $56,055.94. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $4,234.25, a fee and charge balance of $127.60 and that the contractual payment is due for June 1, 2021. The October 19, 2021, statement is attached as Exhibit 7.

16. MC's November 18, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $56,055.94. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $5,081.10, a fee and charge balance of $127.60 and that the contractual payment is due for June 1, 2021. The November 18, 2021, statement is attached as Exhibit 8.

17. MC's December 20, 2021, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $55,616.54. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $5,941.00, a fee and charge balance of $127.60 and that the contractual payment is due for July 1, 2021. The December 20, 2021, statement is attached as Exhibit 9.

18. MC's January 19, 2022, periodic monthly billing statement incorrectly indicates that the Plaintiff has an outstanding principal balance of $55,616.54. The statement goes further to incorrectly state that the Plaintiff has a past due balance of $6,307.15, a fee and charge balance of $127.60 and that the contractual payment is due for August 1, 2021. The January 19, 2022, statement is attached as Exhibit 10.

19. On September 3, 2021, MC sent the Plaintiff a letter indicating that no errors in the payment history were found and that he was missing June, July and August 2021, copy attached as Exhibit 11.

20. On October 15, 2021, MC sent the Plaintiff a letter indicating that no errors in the payment history were found and that he was missing October 1, 2021, payment and due for June 1, 2021, copy attached as Exhibit 12.

21. The Plaintiff requested and received a payment history from MC that covers March 2020 payment through October 2021, attached as Exhibit 13.

22. MC also forced Plaintiff into a loan modification and only would allow the Plaintiff to pay the new trial period payments in November, December 2021 and January 2022, see exhibit 2.

23. MC sent the loan modification terms to the plaintiff, attached as Exhibit 14, and the Plaintiff has tried to explain to MC that he does not want his loan modified. According to the terms, the Plaintiff would end up paying an additional $46,879.48 under this modified loan.

24. The Plaintiff also realized that MC was reporting inaccurate and false information to the credit reporting agencies and he disputed the information and provided evidence to support his position.

25. On January 25, 2022, EQ confirmed that information regarding the past due late payments was verified and EQ did not change the Plaintiff's report to reflect the current status and historical current status of MC's account on the Plaintiff's credit report, copy attached as Exhibit 15.

26. On January 24, 2022, EX confirmed that information regarding the past due late payments was verified and EX did not change the Plaintiff's report to reflect the current status and historical current status of MC's account on the Plaintiff's credit report, copy attached as Exhibit 16.

27. The inaccurate and false information has also caused the Plaintiff to be denied credit, a copy of the denial is attached as Exhibit 17.

28. The Plaintiff also sent a large check to make up for the difference between what MC would accept online (the modified loan term payments) and the actual payments, copy attached as Exhibit 18. As of the filing of this complaint, MC has not returned those funds to the Plaintiff.

29. The Plaintiff is a retired disabled Army Veteran and thought that he could fix MC's false and inaccurate handling of his account and has spent a considerable amount of time and energy trying to resolve.

30. The Plaintiff is now situated into a forced loan modification that he did not request and has not given consent, his credit report is damaged, MC has accounted for payments that have not been posted to the Plaintiff's account and that MC indicates cannot be located.

## CAUSES OF ACTION

### Count One- Breach of Contract- MC

31. Plaintiff incorporates by reference all of the above factual allegations and exhibits as if fully set forth herein.

32. Plaintiff and MC have a contractual agreement.

33. Plaintiff has complied with all terms of the contractual agreement.

34. MC has breached Uniform Covenant Number 1, 2 and 14 of the parties Deed of Trust.

35. MC has collected amounts sufficient to make a payment but did not apply the payments when received and has not paid the Plaintiff interest or given credit for monies received thus breaching Uniform Covenant Number 1.

36. MC has collected amounts sufficient to make a payment but did not apply the payments in accordance with the application of payments provision thus breaching Uniform Covenant Number 2.

37. MC has assessed loan charges against the Plaintiff even though the payments under the deed are current and assessing the loan charges thus breaches Uniform Covenant Number 14

38. MC has breached this duty and MC's breach has caused damage to the Plaintiff and the Plaintiff is entitled to damages, injunctive and equitable relief.

### Count Two- Tennessee Consumer Protection Act- MC

39. Plaintiff incorporates by reference all of the above factual allegations and exhibits as if fully set forth herein.

40. Plaintiff is a consumer as defined the Tennessee Consumer Protection Act.

41. MC's providing inaccurate periodic monthly billing statements, failing to give proper credit for payments received, charging fees and other charges based on MC considering the Plaintiff's account past due is both deceptive and prohibited and violates numerous sections of 47-18-104(b).

42. The Plaintiff has a private right pursuant to 47-18-109 and request treble damages, attorney's fees and cost.

### Count Three- Fraud- MC

43. Plaintiff incorporates by reference all of the above factual allegations and exhibits as if fully set forth herein.

44. MC has made false material representations to the Plaintiff, see Exhibits 1, 3,4,5,6,7,8,9,10,11,12 and 14.

45. Specifically on July 20, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $56,055.94, inaccurately indicates that the Plaintiff has a past due balance of $1,693.70 and that the Plaintiff's next contractual payment is due for June 1, 2021, see Exhibit 4.

46. Specifically on August 18, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $56,055.94, inaccurately indicates

that the Plaintiff has a past due balance of $2,540.55 and that the Plaintiff's next contractual payment is due for June 1, 2021, see Exhibit 5.

47. Specifically on September 20, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $56,055.94, inaccurately indicates that the Plaintiff has a past due balance of $3,387.40 and that the Plaintiff's next contractual payment is due for June 1, 2021, see Exhibit 6.

48. Specifically on October 19, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $56,055.94, inaccurately indicates that the Plaintiff has a past due balance of $4,234.25 and that the Plaintiff's next contractual payment is due for June 1, 2021, see Exhibit 7.

49. Specifically on November 18, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $56,055.94, inaccurately indicates that the Plaintiff has a past due balance of $5,081.10 and that the Plaintiff's next contractual payment is due for June 1, 2021, see Exhibit 8.

50. Specifically on December 20, 2021, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $55,616.54, inaccurately indicates that the Plaintiff has a past due balance of $5,941.00 and that the Plaintiff's next contractual payment is due for July 1, 2021, see Exhibit 9.

51. Specifically on January 19, 2022, MC sent the Plaintiff a periodic monthly billing statement with an inaccurate outstanding principal balance of $55,616.54, inaccurately indicates that the Plaintiff has a past due balance of $6,307.15 and that the Plaintiff's next contractual payment is due for August 1, 2021, see Exhibit 10.

52. Specifically on September 3, 2021, MC sent the Plaintiff a letter indicating that no errors in the payment history were found and that he was still missing June, July and August 2021, see Exhibit 11.

53. Specifically on October 15, 2021, MC sent the Plaintiff a letter indicating that no errors in the payment history were found and that he was still missing October 1, 2021, payment and due for June 1, 2021, see Exhibit 12.

54. When MC made the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth as a positive assertion.

55. Plaintiff has suffered damage as a result of MC's fraud.

**Count Four- Violations of FCRA- EX**

56. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

57. At all times pertinent hereto, EX is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

58. At all times pertinent hereto, the Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681.

59. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

60. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

61. In August 2021, Plaintiff notified EX that his credit report contained inaccurate information and provided proof so that EX would correct the problem. His EX report indicated past due payments and inaccurate principal balances.

62. EX failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

63. The dispute included the Plaintiff's name, address, social, date of birth and Information showing that the payments were timely made and current.

64. EX prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiff which contained information that was false, misleading and inaccurate when the Plaintiffs disputed the information. EX failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the Plaintiffs in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiff's credit report.

65. EX further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiff's information.

66. As a result of EX's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of

privacy, and emotional distress for which the Plaintiff seeks damages in an amount to be determined by the jury.

67. EX's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

68. As a direct and proximate result of EX's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiff's credit report, the Plaintiff has suffered actual damages as set forth herein.

69. EX's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

70. EX, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiff, rather according to its corporate policy, EQ failed to investigate Plaintiff's claims that MC was misreporting credit information. EX did not take any steps to check and see if the Plaintiff's credit report was accurate or otherwise investigate the Plaintiff's claims.

71. EX knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections of the fair credit reporting act and the Plaintiff would be harmed by its policy.

72. As a direct and proximate result of EX's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiff's credit history, Plaintiff is damaged and EX is liable to the Plaintiff for the actual damages Plaintiff sustained by reason of such conduct

together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

73. At one or more times after receiving the Plaintiff's notice of dispute, EX breached the duty imposed upon it pursuant to 15 U.S.C. section 1681i(a)(1)(A) to conduct a reasonable dispute reinvestigation, including:

1. By otherwise failing to conduct actual dispute investigation,
2. By otherwise failing to conduct only a superficial investigation;
3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from MC rather than considering whether the substance of the information was accurate;
4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiffs' disputed account information;
5. By failing to contact the Plaintiffs directly to learn for of the reason for the dispute and/or their explanation of the facts or any missing information;

74. EX failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiff and instead deferred to the an adequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

75. EX failed to properly reinvestigate the Plaintiff's dispute, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer reports including false, derogatory information concerning the Plaintiff's credit report.

**Count Five - Violations of FCRA- EQ**

76. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

77. At all times pertinent hereto, EQ is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

78. At all times pertinent hereto, the Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681.

79. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

80. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

81. In August 2021, Plaintiff notified EQ that his credit report contained inaccurate information and provided proof so that EQ would correct the problem. His EQ report indicated past due payments and inaccurate principal balances.

82. EQ failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

83. The disputes included the Plaintiff's name, address, social, date of birth and proof that the payments were both timely and current.

84. EQ prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiff which contained information that was false, misleading and inaccurate when the Plaintiff disputed the information. EQ failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the Plaintiff in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiff's credit report.

85. EQ further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiff's information.

86. As a result of EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, and emotional distress for which the Plaintiff seeks damages in an amount to be determined by the jury.

87. EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

88. As a direct and proximate result of EQ's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiff's credit report, the Plaintiff has suffered actual damages as set forth herein.

89. EQ's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

90. EQ, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiff, rather according to its corporate policy, EQ failed to investigate Plaintiff's claims that MC was misreporting credit information. EQ did not take any steps to check and see if the Plaintiff's credit report was accurate or otherwise investigate the Plaintiff's claims.

91. EQ knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections of the fair credit reporting act and the Plaintiff would be harmed by its policy.

92. As a direct and proximate result of EQ's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiff's credit history, Plaintiff is damaged and EX is liable to the Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

93. At one or more times after receiving the Plaintiff's notice of dispute, EQ breached the duty imposed upon it pursuant to 15 U.S.C. section 1681i(a)(1)(A) to conduct a reasonable dispute reinvestigation, including:

   1. By otherwise failing to conduct actual dispute investigation,
   2. By otherwise failing to conduct only a superficial investigation;
   3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from MC rather than considering whether the substance of the information was accurate;
   4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiffs' disputed account information;
   5. By failing to contact the Plaintiffs directly to learn for of the reason for the dispute and/or their explanation of the facts or any missing information;

94. EQ failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiff and instead deferred to the inadequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

95. EQ failed to properly reinvestigate the Plaintiff's dispute, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer reports including false, derogatory information concerning the Plaintiff's credit report.

### Count Five- Negligence- MC

96. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

97. MC has a duty to act in good faith and be accountable to the Plaintiff for payments, reporting and the accounting of his loan. MC has failed to do so and has provided information regarding facts that were made while MC (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion.

98. MC breached its duty and the Plaintiff has suffered damage.

99. The breach and reliance were reasonable and foreseeable.

100. The Plaintiff has been injured as a direct result of MC's negligence.

101. Based on foregoing, the Plaintiff is entitled to equitable relief, damages and attorney's fees.

### Actual Damages

102. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

103. In this action, the Plaintiff has suffered the following actual damages:

    a. Missed work
    b. Travel expenses
    c. Attorney fees
    d. Mailings

  e. Cost
  f. Credit Damage
    -  Increased out of pocket expenses
    -  Loss of credit expectancy
    -  Loss of credit capacity
  g. Emotional distress- stress and anxiety

**WHEREFORE**, the Plaintiffs having set forth the claims for relief against the Defendants, pray the following:

 A. That all Defendants be required to answer this Complaint;

 B. Actual damages or statutory damages to be determined by the jury;

 C. Punitive damages to be determined by a jury;

 D. Injunctive relief;

 E. Attorney's fee;

 F. Cost and expenses incurred in this action;

 G. Such other relief as this Court may deem just and proper.

## TRIAL BY JURY IS DEMANDED

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a trial by jury on all issues so triable.

Date this the 9th day of February, 2022.

Harlan, Slocum & Quillen

/s/ J. Robert Harlan
J. Robert Harlan BPR. 010466
Keith D. Slocum
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com
*Attorney for Plaintiffs*

Exhibit List:

Exhibit 1: MC Delinquent Letter Dated 8.13.2021
Exhibit 2: Plaintiff's Proof of Payments 1.2021 through 1.2022
Exhibit 3: MC Posted Payments 1.7.2021 to 1.7.2022
Exhibit 4: MC July 20, 2021 Statement
Exhibit 5: MC August 18, 2021Statement
Exhibit 6: MC's September 20, 2021 Statement
Exhibit 7: MC's October 19, 2021 Statement
Exhibit 8: MC's November 18, 2021 Statement
Exhibit 9: MC's December 20, 2021 Statement
Exhibit 10: MC's January 19, 2022 Statement
Exhibit 11: MC's September 3, 2021, No Error Letter
Exhibit 12: MC's October 15, 2021, No Error Letter
Exhibit 13: MC's Payment History 3.2020 Through October 2021
Exhibit 14: MC's Loan Modification
Exhibit 15: EQ Dispute Results
Exhibit 16: EX Dispute Results
Exhibit 17: Check for February 2022 and Difference

# **VERIFICATION OF COMPLAINT**
# **AND CERTIFICATION BY PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

I , Francis J Castro, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by our attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Francis J Castro