UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Francis J. Castro, | |
| Plaintiff(s), | Case No. 3:22-cv-00084 |
| v. | Judge Eli J. Richardson |
| | Magistrate Judge Alistair E. Newbern |
| Nationstar Mortgage LLC Equifax Information Services LLC, Experian Information Solutions Inc. | |
| Defendant(s). | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A.     **JURISDICTION:** The Court has jurisdiction pursuant to 15 U.S.C. §1681; 28 U.S.C. §1331; 28 U.S.C. §1367

B.     **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

The Plaintiff entered into a refinance mortgage loan with the Defendant, Nationstar Mortgage LLC (aka Mr. Cooper) in 2017 and made monthly payments to the Defendant via automatic payments.  All payments to the Defendant were timely made.  The Defendant has made claims that payments were not made and demanded payment from the Plaintiff.  Rather than apply

the Plaintiff's payments to the account, the Defendant modified the terms of the Plaintiff's account without Plaintiff's consent. The Defendant's actions are a breach of the parties agreement. By failing to properly credit the Plaintiff's payments and further demanding payment from the Plaintiff, the Defendant, Nationstar Mortgage LLC, breached the agreement of the parties. The Plaintiff is entitled to actual damages, punitive damages, equitable and injunctive relief. The Defendant's actions also violate the Tennessee Consumer Protection Act and the Defendant is liable to the Plaintiff for actual damages, statutory damages attorney's fees and costs. The Defendant committed fraud against the Plaintiff by taking money without giving proper credit and demanding additional monies. This was a material misrepresentation that the Defendant knew or should have known to be false. The Plaintiff is entitled to actual damages and punitive damages from the Defendant for such fraudulent actions. The Defendant made negligent misrepresentations to the Plaintiff that the Plaintiff reasonably relief on and suffered damage as a result. The Defendant is liable to the Plaintiff for damages, attorney's fees and equitable relief for such negligent misrepresentations.

In addition to failing to apply the Plaintiff's payments, the Defendant incorrectly reported the Plaintiff's payments late to the credit bureaus. The Plaintiff disputed the delinquent reporting directly with the credit bureaus but his credit report has not been corrected. The Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. have violated the Fair Credit Reporting Act for failing to adequately investigate the information provided and correct the Plaintiff's credit reports upon receipt of the dispute and evidence provided. Equifax and Experian are liable to the Plaintiff for actual damages, statutory damages, injunctive relief, attorney's fees and costs.

2

**DEFENDANT:**

Defendant, Experian Information Solutions Inc. ("Experian"), is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Experian maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Experian denies that it violated the FCRA in its handling of Plaintiff's dispute and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Experian is not responsible for the injuries in which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), is Plaintiff's mortgage servicer. Nationstar disputes that it committed any breach of the operative agreements between the parties, including the Promissory Note and Deed of Trust. Nationstar alleges that Plaintiff was not current on his mortgage payments and thus the steps taken were appropriate under the terms of the Promissory Note and Deed of Trust. Nationstar disputes the claims of fraud and negligent misrepresentation, and further states that the Tennessee Consumer Protection Act does not apply to the allegations in this case.

C.    **ISSUES RESOLVED:** Jurisdiction and Venue

D.    **ISSUES STILL IN DISPUTE:**

Whether the Defendant, Nationstar Mortgage LLC, has breached the agreement of the parties, and if so, what is the appropriate remedy?

Whether the Defendant, Nationstar Mortgage LLC, committed fraud, and if so, what is the appropriate remedy?

Whether the Defendant, Nationstar Mortgage LLC, made negligent misrepresentations, and if so, what is the appropriate remedy?

Whether the Defendant, Nationstar Mortgage LLC, has violated the Tennessee Consumer Protection Act, and if so, what is the appropriate remedy?

Whether the Defendant, Equifax Information Services LLC, violated the Fair Credit Reporting Act, and if so, what is the appropriate remedy?

Whether the Defendant Experian Information Solutions, Inc. violated the Fair Credit Reporting Act, and if so, what is the appropriate remedy?

### E. INITIAL DISCLOSURES:

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before June 1, 2022

### F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, or by October 15, 2022 , the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### G. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before October 1, 2022. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than July 15, 2022 Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than September 1, 2022.

### H. MOTIONS TO AMEND OR TO ADD PARTIES:

Any motions to amend or to add parties shall be filed no later than August 1, 2022

5

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

## I. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before November 1, 2022. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before December 1, 2022. All expert witnesses shall be deposed on or before January 15, 2023.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

## J. NEXT CASE MANAGEMENT CONFERENCE:

A case management conference with the Magistrate Judge will be held by telephone on July 29, 2022, at 9:30 a.m. Counsel shall be prepared to address the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Unless otherwise instructed, counsel shall call (888) 557-8511 and enter access code 7819165# to join the call.

## K. DISPOSITIVE MOTIONS:

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than March 1, 2023. Responses

to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

### L. ELECTRONIC DISCOVERY:

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

### M. MODIFICATION OF THE CASE MANAGEMENT ORDER:

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification 5 must include a statement confirming that counsel for the moving

7

party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

### N.     REQUESTS TO SEAL DOCUMENTS:

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should

not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

      **O.**     **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The June 1, 2023 trial of this action is expected to last approximately one to two days. The target trial date is August 8, 2023. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

9