IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRANCIS J. CASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:22-cv-00084 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., and EQUIFAX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Plaintiff and Defendant Experian Information Solutions, Inc. ("Experian") together have filed a Joint Stipulation of Dismissal (Doc. No. 36, "Stipulation").

Via the Stipulation, the parties seek the voluntary dismissal with prejudice of Defendant Experian only pursuant to Fed. R. Civ. P. 21. The Sixth Circuit has indicated that dismissal of a party, rather than of an entire action, is proper pursuant to this rule. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21").

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id*. at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules

matter. *Id*. In other words, "the procedural vehicle makes a difference." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

Rule 21 does not contemplate dismissal under Rule 21 via a self-effectuating stipulation of the applicable parties. Rather, Court approval is required for the dismissal. Thus, the Court treats the Stipulation as a *motion* under Rule 21 to drop Defendant Experian as a defendant. And indeed the Stipulation itself in one place—where it "request[s] this action be dismissed as to [Experian] with prejudice"—reads like a motion, as it should.

Under Rule 21, the Court must make an independent determination that dropping this party is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the party as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Accordingly, Plaintiff's claims against Experian are hereby **DISMISSED** with prejudice.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE