IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FRANCIS J. CASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | Case No: 3:22-cv-00084<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair Newbern |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO EXCLUDE PLAINTIFF'S EXPERT**

Comes now Defendant Nationstar Mortgage LLC ("Nationstar") and hereby moves this Court to exclude Bernard Jay Patterson, CFE, as an expert pursuant to Federal Rule of Evidence 702. Most significantly, as explained herein, Plaintiff fails to demonstrate that Mr. Patterson's opinion meets the requisite standards for admissibility as expert testimony.

**INTRODUCTION & STANDARD**

Rule 702 of the Federal Rules of Evidence limits expert witness testimony to those individuals who are "qualified as an expert by knowledge, skill, experience, training, or education…" Under Rule 702, such witnesses "may testify in the form of an opinion or otherwise if: (1) the testimony is based on sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliable to the facts of the case." Fed. R. Evid. 702. The offering party bears the burden of establishing expert admissibility by a preponderance of the evidence. *See* Fed. R. Evid. 104(a); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 n.10 (1993). The goal of both the federal rules and *Daubert* is "to keep 'junk science' away from juries." *Thomas v. Novartis Pharm. Corp.*, 443 Fed. App'x 58, 60 (6th Cir. 2011).

Here, Plaintiff's proposed expert witness, Bernard Jay Patterson ("Mr. Patterson"), does not possess the requisite knowledge or skills to assist the jury, nor would his opinion be sufficiently helpful to a jury. For these reasons, Nationstar respectfully requests that Mr. Patterson be excluded as an expert witness in this matter.

**ARGUMENT**

**(A)  Mr. Patterson should be precluded from rendering opinions on subjects in which he lacks qualifications.**

A threshold requirement under Rule 702 is that an expert's opinion testimony is admissible only if he or she is "qualified . . . by knowledge, skill, experience, training, or education" as to the subject matter of the proffered opinion. The expert must first establish his or her expertise by reference to these five criteria, and notwithstanding liberal interpretation of this requirement, the rule "does not mean that a witness is an expert simply because he claims to be." *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000). "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Rose v. Truck Centers, Inc.*, 388 Fed. App'x 528, 534 (6th Cir. 2010) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). As the proponent of proposed expert testimony from Mr. Patterson, Plaintiff bears the burden of showing by a preponderance of proof that Mr. Patterson is qualified to render the proffered opinions. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008). The court must then "determine whether the expert's training and qualifications relate to the subject matter of his proposed testimony." *Berry v. Crown Equipment Corp.*, 108 F.Supp.2d 743, 749 (E.D. Mich. 2000).

As evidenced by his *curriculum vitae* and the opinions asserted in his disclosure provided pursuant to Federal Rule of Procedure Rule 26(a)(2)(C), it is clear that Mr. Patterson is not an

expert in any subject on which he attempts to opine, thus, he should be prohibited from rendering opinions in those areas.

*Early v. Toyota Motor Corp*, illustrates how an expert's qualifications must be tailored to the circumstances of the case as a predicate to admissibility. 277 Fed. App'x 581 (6th Cir. 2008). In *Early*, a wrongful death case, the decedent apparently died while sleeping in their car, overcome by carbon monoxide which allegedly leaked from a faulty seal on the steering column. *Id*. Plaintiffs retained an expert, Nogan, to opine on the failure of the seal. *Id*. at 582. Nogan did not perform or commission any tests on the seal, and although he had a mechanical engineering degree, he had no experience with dust seals in automobiles, their composition or longevity, and had never written or reviewed an owner's or repair manual for any product. *Id.* at 582, 585-86. Accordingly, the trial court properly excluded his opinion on causation because of the lack of testing and "specific experience." *Id*. at 586.

Here, Mr. Patterson is a forensic accountant and Certified Fraud Examiner. While Mr. Patterson claims to have "developed methodologies used in the reconstruction of mortgage servicing accounting data and transactions extracted from proprietary and third-party systems of record[,]" Mr. Patterson has never actually worked for a mortgage loan servicer, nor does he actually have any experience with the usage and capturing of such data. (Report, at ¶ 6.) Moreover, these "methodologies" he has allegedly developed are not clearly outlined or described anywhere in the report. (*See generally* Report.)

Mr. Patterson's opinions are nothing more than a regurgitation of Nationstar's own servicing notes and do not qualify as any type of scientific or technical opinion. The Mortgage Loan Analysis Mr. Patterson prepared (Exhibit 2 to Report) is identical to Nationstar's own Detail Transaction History (Exhibit 3 to Report) provided in discovery in this case. It is simply not

materially helpful to a jury to recreate a document in Excel. The trier of fact could reach their own similar conclusions without the need for Mr. Patterson's explanation simply by reviewing these same documents.

### (B) Testimony based on Mr. Bernard's personal opinions, as opposed to facts, should be excluded as unreliable.

Conclusions alone are simply not good enough to permit the admission of expert testimony, no matter how well qualified the expert. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Tamraz v. Lincoln Elec., Co.*, 620 F.3d 665 (6th Cir. 2010). An expert must rely on facts and data – and scientific testing – or his opinions are inadmissible. *See* Fed. R. Evid. 702.

Personal opinion unsupported by some objective source or foundation is inadmissible under Rule 702. An expert's reasoning is scientifically valid only if it is "supported by good grounds for each step in the analysis;" if any step is not supported by good grounds, the entirety of the proposed testimony is inadmissible. *See Rose v. Matrixx Initiatives¸ Inc.*, 2009 WL 902311, at *10 (W.D. Tenn. March 31, 2009) (internal citations omitted). Put another way, the expert must explain precisely how he reached his conclusions and point to some "objective source" to show that his approach constitutes good science. *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318-19 (9th Cir. 1995) ("Daubert II"); *see also Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 1823 (6th Cir. 2009) (excluding expert as unreliable because he was unable to "point to any objective source suggesting that [plaintiff's] injury might result from exposure to any component of the chemical mixture at issue."). "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012).

4

Again, it is clear that Mr. Patterson's report is nothing more than his extrapolation of the documents provided by both Nationstar and Mr. Castro throughout the conduct of the case. (*See generally* Report.) This is Mr. Patterson's *modus operandi* in the multitude of cases in which he has attempted to appear as a hired gun.[1] (*See* Report, Exhibit 1.)

Moreover, notably, Mr. Patterson has his own pending lawsuit against Wells Fargo Bank, N.A. pending in the U.S. District Court for the Northern District of California, filed in August 2023, Case No. 3:2023-cv-03858. Mr. Patterson indicates in this Complaint that he "works as a forensic accounting expert specializing in mortgage servicing-related accounting issues." (Ex. 1, ¶ 2.) This putative class action alleges issues with Wells Fargo's accounts and account verification systems, including the "Zelle" system. (*See generally id.*) Mr. Patterson's lack of subjectivity regarding the activities of Nationstar, other mortgage-servicers, and financial institutions in general is thus clear. He cannot be an objective expert witness.

**(C)     Mr. Patterson's opinions are not helpful to the trier of fact.**

Mr. Patterson's opinions do not meet the fundamental requirements of "assist[ing] the trier of fact" because his testimony does no more than pair up the legal conclusions and analysis of Plaintiff's counsel. *See* Fed. R. Evid. 702, *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (holding that expert testimony must assist the trier of fact). Specifically, Mr. Patterson's "Analysis of Missing Payments" (Report at ¶¶ 22-26) is nothing more than a re-statement of the allegations in Plaintiff's Complaint and a regurgitation of the Detailed Loan Transaction provided by Nationstar. His testimony is quite simply advocacy wrapped in a cloak of expertise and should be excluded, especially since it simply reiterates statements to which Plaintiff himself could fully

---

[1] Tellingly, there is a typo in Para. 8 of the Report where Mr. Patterson failed to update his engagement description to account for the correct borrower, erroneously referring to Plaintiff as "Jimenez."

testify. *See Bowman v. Corrections Corp.*, 350 F.3d 537-47 (6th Cir. 2003) (stating "A district court is free to exclude any expert testimony… if that testimony is cumulative or redundant…"). As such a mere reiteration, it would not be helpful to the trier of fact and would actually be a waste of time.

**(D)** **Mr. Patterson inappropriately offers legal opinions.**

Proposed expert testimony which offers a legal opinion is admissible, *Estate of Sowell v. U.S.*, 198 F.3d 169, 171 (5th Cir. 1999), but expert witnesses are not permitted "to tell the jury what result to reach" or "to give legal conclusions". *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) (holding that testimony that does little more than tell a jury what result to reach is properly excludable).

In his "Summary", Mr. Patterson concludes that Mr. Castro's payments were all timely and despite including an incorrect loan number, were properly applied through May 1, 2021. (Report, at ¶ 27.) He goes on to conclude that despite *including the incorrect number*, these payments were not credited to Castro's loan due to some unspecified fault of Nationstar. (*Id*.) Though Mr. Patterson does not specifically use the phrase "course of conduct," it is clear that his opinion that he intends to portray to the jury is essentially that Nationstar is estopped from properly processing Mr. Castro's loan because it had accepted the incorrect number for months. Mr. Patterson gives no basis in law or the standards applied to mortgage servicing for such a conclusion. Accordingly, it should not be considered.

**(E)** **Rule 403 demands exclusion of Mr. Patterson's testimony.**

Federal Rule of Evidence 403 further suggests that the testimony of Mr. Patterson should be excluded because it is substantially likely to mislead the jury through the presentation of testimony where the alleged expert lacks sufficient experience, knowledge, or education. Rule 403

states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, *confusing the issues, misleading the jury,* undue delay, wasting time, or needlessly presenting cumulative evidence." (Emphasis added.) *See also Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) (holding that courts must "determine whether [expert] evidence both rests on a reliable foundation and is relevant to the task at hand.") (internal citations omitted). Relevancy is the threshold determination in any decision regarding the admissibility of evidence. *See Koloda v. Gen. Motors Parts Div.*, 716 F.2d 373, 375 (6th Cir. 1983). This relevant requirement "ensures that there is a 'fit' between the testimony and the issues to resolved at trial." *Greenwell v. Boatright*, 184 F.3d 492, 496-97 (6th Cir. 1999) (internal citations omitted). Here, Mr. Patterson has never worked in mortgage servicing and bases his opinions on his own unspecified "methodologies".[2] His testimony on these issues would mislead the jury into believing he was qualified to give testimony on Mr. Castro's mortgage loan transactions and the accounting for same, when he is demonstrably not.[3]

Finally, Mr. Patterson's testimony (his "comparative cost analysis") regarding the difference in loan amounts that Plaintiff claims he could have received (i.e., Event #1 and Event #2) completely fails to acknowledge the time value of money, which is required to determine any alleged damages.[4] *See e.g. Discover Bank v. Morgan*, 2010 WL 1998765 (Tenn. Ct. App. May 19, 2010) (holding that a dollar for dollar decrease in available credit is an appropriate way to measure

---

[2] Mr. Patterson's conclusions were recently excluded from consideration in the case of *Zinnetti v. Deutsche Bank Nat'l Trust Co.*, 2022 WL 3081446, at *5 (D. Del. Aug. 3, 2022), for being "based on [a] flawed premise…".

[3] Moreover, it is unlikely that this issue could be sufficiently cured by any jury instruction, as such instruction would need to instruct the jury to fully disregard testimony presented by Mr. Patterson.

[4] Not to mention the fact that it is completely speculative as to whether Plaintiff would have even been able to make a winning bid on the Florida property

such a loss because a dollar in available credit is not equal to a dollar of actual damages). Though Mr. Patterson uses an amortization schedule for purposes of calculating the interest, he does not take the time value of money into account. In other words, that $421,871.86 in additional interest cost over the life of Plaintiff's loan that Mr. Patterson alleges as damages is only worth about $122,000 in today's dollars. His simple subtraction is insufficient to pass muster as an expert opinion. Accordingly, this conclusion should be excluded from evidence.

## CONCLUSION

For all of these reasons, it is clear that Mr. Patterson's "expert" report does not meet the standards of Federal Rule of Evidence 702 and its interpretative case law. Accordingly, Mr. Patterson should be excluded from providing testimony in this matter.

Respectfully submitted,

*s/Lauren Paxton Roberts*
Lauren Paxton Roberts (BPR No. 025049)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2200
Email: lauren.roberts@stites.com
*Counsel for Defendant Nationstar Mortgage LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of February 2024, a true and exact copy of the foregoing Memorandum in Support of Motion to Exclude Plaintiff's Expert was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system and/or via e-mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

    Keith D. Slocum
    SLOCUM LAW
    370 Mallory Station Road, Suite 504
    Franklin, TN 37067
    Email: keith@keithslocum.com
    *Counsel for Plaintiff*

                                            *s/Lauren Paxton Roberts*
                                            Lauren Paxton Roberts